IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DOUGLAS BAKER, as guardian and conservator for RICHARD BAKER,<br><br>    Plaintiff,<br><br> v.<br><br>ALAN CHIN, et al.,<br><br>    Defendants. | Case No. 23-CV-2103-DDC-TJJ |

### MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Substitution Pursuant to Fed. R. Civ. P. 25(a)(1) (ECF No. 28) ("Motion for Substitution"). Plaintiff Douglas Baker, who commenced this action in his capacity as *guardian and conservator for* Richard Baker, requests the Court enter an order substituting him as *administrator of the estate of* Richard Baker. Defendants Linda and Michael Leong (the "Leong Defendants") filed a response in opposition to the motion (ECF No. 36). As explained below, the Motion for Substitution is granted.

**I. Procedural History**

Douglas Baker, as the guardian and conservator for Richard Baker, filed the Complaint (ECF No. 1) in this Court on March 6, 2023, asserting claims for suit on a promissory note, for money owed, negligent misrepresentation, fraud by affirmative misrepresentation, fraud by nondisclosure, breach of fiduciary duty, and conversion. The Complaint alleges Defendants worked in concert to benefit themselves at the expense of Richard Baker, gaining his confidence through false statements, through the establishment of fiduciary relationships and personal/confidential relationships, and by taking advantage of his dementia.

On April 14, 2023, Douglas Baker filed a Statement Noting a Party's Death (ECF No. 17) stating that Richard Baker died on March 10, 2023. He attached his Affidavit (ECF No. 17-1) stating he has been involved in prosecuting the probate matters associated with the death of Richard Baker, in organizing the estate, and in coordinating collateral and practical concerns related to probate and to the estate.[1] His Affidavit further states that a personal representative of the estate of the deceased will need to be appointed, which will take time given the circumstances, as Richard Baker died without a will, intestate, with no spouse or children.[2]

On June 6, 2023, Douglas Baker was appointed administrator of the estate of Richard Baker by the District Court of Douglas County, Kansas ("Douglas County District Court").[3] He filed the instant Motion for Substitution in this case on June 29, 2023.

## II.    Opposition to the Motion for Substitution

The Leong Defendants oppose the Motion for Substitution and request that it be denied. They argue Douglas Baker failed to comply with the mandatory service requirements of Rule 25(a)(3) for nonparties, failed to address whether the alleged claims are extinguished, and improperly delayed filing the suggestions of death in this case.[4] The Court will address each of these arguments below.

---

[1] Baker Aff. (ECF No. 17-1) ¶ 2.

[2] Baker Aff. ¶ 4.a.–b.

[3] June 6, 2023 Douglas County District Court Order Appointing Administrator (ECF No. 28-1).

[4] The Leong Defendants also argue that Douglas Baker did not have the authority to file this lawsuit and it should have been filed in Washington. These issues need not be addressed in ruling on this Motion for Substitution. Instead, if Defendants have jurisdictional arguments they wish to assert, those should be raised in a dispositive motion in accordance with the Federal Rules of Civil Procedure.

### A.     Service upon Nonparties

The Leong Defendants oppose the Motion for Substitution on the grounds Douglas Baker failed to comply with the mandatory service requirements of Rule 25(a)(3) for nonparties. They argue there is nothing in the record indicating that any nonparties, including potential heirs or successors to Richard Baker's estate, were served with either the suggestions of death or the motion to substitute, much less served as provided in Rule 4. In reply, Douglas Baker argues all the requisite nonparties have been served because he—in his capacity as the duly appointed administrator of the estate of Richard Baker—is the only nonparty who must be served.

Fed. R. Civ. P. 25(a)(3) requires the motion to substitute, and any notice of hearing, be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. "A statement noting death must be served in the same manner."[5] The Tenth Circuit has construed these provisions of Rule 25 requiring service on "nonparties as provided in Rule 4" to mean "specifically the successors or representatives of the deceased party's estate."[6]

The Court finds the Motion for Substitution was properly served under Rule 25(a)(3) upon the parties and there were no "nonparties" to be served because the motion was filed by Douglas Baker—the applicable nonparty representative of the deceased's estate. As of the date the Motion for Substitution was filed, Douglas Baker had been appointed administrator of the estate of Richard Baker and was therefore the representative of the deceased party's estate.

---

[5] Fed. R. Civ. P. 25(a)(3).

[6] *See Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990) ("While service of a suggestion of death on counsel will satisfy the requirement of Rule 25(a)(1) for service of parties to the litigation, the service required by Rule 25(a)(1) on nonparties, specifically the successors or representatives of the deceased party's estate, must be served pursuant to Fed. R. Civ. P. 4.").

With regard to the earlier-filed Statement Noting a Party's Death, Douglas Baker acknowledges in his Affidavit, that the Statement must be served on nonparties: "Numerous potential heirs [of Richard Baker are] still being located, all of whom must be provided the requisite notification. . . . These non-parties, of course, must also be served with a copy of the Suggestions of Death."[7] Neither the briefing, nor any subsequent court filing in this case indicates whether the applicable nonparties were served with a copy of the Statement Noting a Party's Death.

In any event, the Court finds failure to serve the Statement Noting a Party's Death on the nonparty successors or representatives of the Richard Baker's estate does not justify denial of this Motion for Substitution. The purpose of Rule 25's requirement to serve suggestions of death upon both parties and nonparties is to notify the parties to the action and other concerned persons of the death so they may take appropriate action to make a substitution for the deceased party.[8] That purpose has been served here as evidenced by the filing of the motion to substitute Douglas Baker, as administrator of the estate of the deceased Richard Baker.

B.     **Extinguishment of Claims**

The Leong Defendants next argue the substitution motion should be denied because Douglas Baker failed to address whether the alleged claims are extinguished or survive the death of Richard Baker. Douglas Baker argues in his reply that he is not required to first affirmatively demonstrate the deceased's claims are not extinguished when moving to substitute. He points out

---

[7] Baker Aff. ¶ 4.c.

[8] *Fehrenbacher v. Quackenbush*, 759 F. Supp. 1516, 1519 (D. Kan. 1991).

that the case relied upon by the Leong Defendants, *Sloan v. Overton*,[9] contradicts their argument that he must address claim survival in the motion.

Under Fed. R. Civ. P. 25(a)(1), the court may order substitution of the proper party, "[i]f a party dies and the claim is not extinguished." In *Sloan v. Overton*, the court concluded the issue of whether the deceased's claims survived his death was not in dispute and assumed Rule 25 applied, noting the parties provided no discussion, argument, or briefing on the issue.[10] While it would have certainly been helpful if the Motion for Substitution addressed whether the deceased's claims survived his death, the Court will not deny the motion based upon a failure to address this issue when the Court can make that determination here without argument or briefing.

As jurisdiction is based upon diversity, the Court looks to Kansas state law whether the deceased's claims survive his death.[11] The Kansas survival statute, K.S.A. 60-1801, identifies specific causes of action that survive the person's death:

> In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person, or to real or personal estate, or for any deceit or fraud, or for death by wrongful act or omission, shall also survive; and the action may be brought notwithstanding the death of the person entitled or liable to the same.[12]

---

[9] *Sloan v. Overton*, No. 08-2571-JAR-DRW, 2010 WL 398108, at *2 (D. Kan. Jan. 25, 2010).

[10] *Id.*

[11] *See Lee v. Reed*, 221 F. Supp. 3d 1263, 1271 (D. Kan. 2016) (quoting *Wood v. Eli Lilly & Co.*, 38 F.3d 510, 512 (10th Cir. 1994) ("A federal court sitting in diversity must apply the law of the forum state . . . and thus must ascertain and apply [the forum state's] law with the objective that the result obtained in federal court should be the result that would be reached in [the forum state's] court."). *See also* 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1952 (3d ed. 2007) (internal citations omitted) (whether the death of a party extinguishes a claim for or against the party is not a question of procedure, but is a question of substance determined by looking to state law or, in federal question cases, to federal substantive law).

[12] K.S.A. 60-1801.

Reviewing the seven-count Complaint, the Court finds some of the alleged causes of action in this case, asserted on behalf of Richard Baker, are for "any deceit or fraud," "injury to the person," and/or "to real or personal estate." These causes of action, listed in K.S.A. 60-1801, are not extinguished upon death. Substitution for these surviving claims of the deceased is therefore proper.

### C.     Improper Delay

The Leong Defendants also make a brief argument that Douglas Baker improperly delayed filing the Statement Noting a Party's Death in this case, but they do not explain why this should be a basis for denying the Motion for Substitution, which is otherwise timely filed.[13] Douglas Baker filed the Statement Noting a Party's Death on April 14, 2023, approximately a month after Richard Baker's death on March 10, 2023. This does not appear to be an excessive delay or otherwise improper under Rule 25.

### D.     Proper Party

Finally, Rule 25(a)(1) authorizes the Court to substitute a deceased party with the "proper party." Under Kansas law, survival claims must be maintained by an administrator of the decedent's estate, and cannot be brought by the decedent's heirs.[14] The Court therefore concludes Douglas Baker, in his capacity as the *administrator* of the estate of Richard Baker, is the proper party to be substituted in this case to prosecute the surviving claims of the deceased Richard Baker.

---

[13] The Motion for Substitution was filed on June 29, 2023, within 90 days of the Statement Noting a Party's Death, filed on April 14, 2023. *See* Fed. R. Civ. P. 25(a)(1) (motion to substitute deceased party must be made "within 90 days after service of a statement noting the death.").

[14] *Estate of Smart v. City of Wichita*, No. 14-2111-EFM, 2018 WL 534335, at *2 (D. Kan. Jan. 24, 2018) (citations omitted).

**IT IS THEREFORE ORDERED** that the Motion for Substitution Pursuant to Fed. R. Civ. P. 25(a)(1) (ECF No. 28) is **granted**. Pursuant to Fed. R. Civ. P. 25(a)(1), "Douglas Baker, as *administrator of the estate of* Richard Baker," is hereby substituted for "Douglas Baker, *as guardian and conservator for* Richard Baker." The Clerk of the Court is hereby directed to make this substitution in the docket. The caption of all future pleadings shall reflect this substitution of Plaintiff.

IT IS SO ORDERED.

Dated August 10, 2023, at Kansas City, Kansas.

                                                  Teresa J. James
                                                  U. S. Magistrate Judge